Kenneth BAKER, Arthur Bartniczak, Hanson Bratton, Patrick Jordan, Frank Krzesowik, Elbert McVay and Robert Scally, Plaintiffs,

v.

CITY OF DETROIT, a Municipal Corporation, Philip G. Tannian, Chief of Police, Detroit Police Department, and the Board of Police Commissioners, City of Detroit, Defendants.

Hanson BRATTON, Gale Bogenn, William Shell, Patrick Jordan, Charles Mahoney, Individually and on behalf of all others similarly situated, and the Detroit Police Lieutenants & Sergeants Association, Plaintiffs,

v.

CITY OF DETROIT, a Michigan Municipal Corporation, Detroit Board of Police Commissioners, Coleman Young, Mayor, City of Detroit, Philip G. Tannian, Chief of Police, City of Detroit, jointly and severally, Defendants.

Civ. Nos. 5-71937, 5-72264.

United States District Court,
E. D. Michigan, S. D.

June 28, 1978.

See also, D.C., 458 F.Supp. 379.

James P. Hoffa, Detroit, Mich., for Kenneth Baker, Arthur Bartniczak, Hanson Bratton, Patrick Jordan, Frank Krzesowik, Elbert McVay & Robert Scally.

Roger Craig, Corp. Counsel, Nansi L. Rowe, Detroit, Mich., James R. Andary, Sp. Corp. Counsel, Detroit, Mich., for City of Detroit, Philip G. Tannian, Board of Police Commissioners, City of Detroit.

Warren J. Bennia, Detroit, Mich., John R. Runyan, Jr., Washington, D. C., for Intervening Defendants-Guardians of Michigan, et al.

Bernard Friedman, Marc G. Whitefield, K. Preston Oade, Jr., Detroit, Mich., H. Barry Woodrow, Detroit, Mich., for Hanson Bratton, Gale Bogenn, William Shell, Patrick Jordan, Charles Mahoney & Detroit Police Lieut. & Sergeants Association.

MEMORANDUM OPINION AND ORDER

KEITH, Circuit Judge.*

Presently before the Court is plaintiffs' motion[1] to disqualify this Court pursuant to 28 U.S.C. § 455(a) (Supp.1977).[2] Defendants have filed a response, and the Court heard extensive oral argument on the motion in open court. The crux of plaintiffs' claim is that this Court, in the person of The Honorable Damon J. Keith, should recuse itself from presiding at the trial of this case because of the friendship between myself and Coleman A. Young, Mayor of the City of Detroit and a nominal party to this action. For the reasons which here follow, the motion is denied.

The action in *Hanson Bratton v. City of Detroit*, Civil No. 5–72264, was commenced in the Wayne County Circuit Court on November 3, 1975, and was removed to the United States District Court for the Eastern District of Michigan on November 18, 1975, pursuant to 28 U.S.C. § 1441. The action in *Baker v. City of Detroit*, Civil No. 5–71937, was commenced in the United States District Court for the Eastern District of Michigan on October 7, 1975.[3] In both cases, plaintiffs assert that the promotion policies of the Detroit Police Department have resulted in white police sergeants being passed over for promotion to the rank of lieutenant solely because of their race. Title VII, 42 U.S.C. § 2000e; 42 U.S.C. §§ 1981, 1983, 2000d; the Fourteenth Amendment to the United States Constitution; and pendent claims under the Michigan Constitution, the Michigan Fair Employment Practices Act, and the Detroit City Charter.

The pertinent allegations of plaintiffs' motion to disqualify are as follows: that Mayor Young and I are friends, that Mayor Young served as a member of the selection committee which submitted my name, along

---

* Sitting by designation.

1. The motion was filed by plaintiffs in *Hanson Bratton v. City of Detroit*, Civil No. 5–72264. On May 26, 1978, the *Hanson Bratton* action and the action in *Baker v. City of Detroit*, Civil No. 5–71937, were consolidated by Order of this Court. Rule 42, Fed.R.Civ.Pro. This motion therefore will be treated as applicable to both cases.

2. Section 455(a) provides:
 (a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

3. The *Baker* case was originally assigned to this Court. When the *Bratton* case was removed to the United States District Court for the Eastern District of Michigan, it was assigned to The Honorable Charles Joiner. However, it is the practice of this District to reassign all subsequently filed companion cases to the Judge to whom the first such suit was assigned, and the *Bratton* case, therefore, was reassigned to this Court. Order of Reassignment, filed November 19, 1975.

with four other nominees, to the President as candidates for appointment to the United States Court of Appeals for the Sixth Circuit, and that Mayor Young was one of several dignitaries who, in his official capacity as Mayor of the City of Detroit, made welcoming remarks to guests and judges of the Court of Appeals for the Sixth Circuit and the United States District Court for the Eastern District of Michigan at my swearing-in ceremony to the Sixth Circuit. From these facts, plaintiffs allege that extra-judicial contact between myself and Mayor Young during the pendency of this litigation is likely and thus creates an appearance of impropriety.

 Section 455 provides the statutory standard for disqualification of a judge and may be asserted on motion of a party. *Davis v. Board of School Commissioners*, 517 F.Supp. 1044 (5th Cir.), *rehearing and rehearing en banc denied*, 521 F.2d 814 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Rapp v. Van Dusen*, 350 F.2d 806 (3d Cir. 1965). Section 455 was designed to substitute the objective reasonable factual basis or reasonable person test in determining disqualification for the subjective test employed prior to the 1974 amendment of Section 455. *Davis v. Board of School Commissioners, supra* at 1052. The issue committed to sound judicial discretion, therefore, is whether a reasonable person would infer, from all the circumstances, that the judge's impartiality is subject to question. *Bradley v. Milliken*, 426 F.Supp. 929, 933–34 (E.D.Mich.1977). Section 455 also was intended to overrule the "duty to sit" doctrine set forth in *Edwards v. United States*, 334 F.2d 360 (5th Cir. 1964) (en banc), *cert. denied*, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1965). *See Davis v. Board of Commissioners, supra* at 1052; *but see, Simonson v. General Motors Corp.*, 425 F.Supp. 574 (E.D.Pa.1976) (obligation not to recuse without valid reasons noting reassignment burden on colleagues).

 Although the standard applicable to disqualification under Section 455(a) is general, and, unlike 28 U.S.C. §§ 144[4] and 455(b) (Supp.1977),[5] does not rest on a judge's personal bias or prejudice, recusal under Section 455(a) is not automatic. *See Parrish v. Board of Commissioners of Ala-*

---

**4.** Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**5.** Section 455(b) provides:

He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*bama State Bar,* 524 F.2d 98 (5th Cir. 1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1977); *United States v. Baker,* 441 F.Supp. 612 (M.D.Tenn.1977).

In *Parrish v. Board of Commissioners of Alabama State Bar,* plaintiffs brought suit alleging discrimination in the administration of the Alabama Bar examination. They subsequently sought the disqualification of the trial judge on the grounds that he had been president of the Montgomery County Bar Association during which time the Association's by-laws barred Black members, and that the judge was acquainted with several defendants and all defense counsel. In affirming the denial of the motion to disqualify, the Court of Appeals for the Fifth Circuit stated:

> Appellants' logic would catch saint and sinner alike. There is hardly any judge in this circuit who was not a member of a segregated bar association at one time, and many have held a high office in the bar associations. The way of life which included segregated bar associations has been eliminated but only a new generation of judges will be free from such a charge. In any event, this circumstance will not support a claim of lack of impartiality. Such a claim must be supported by facts which would raise a reasonable inference of a lack of impartiality on the part of a judge in the context of the issues presented in a particular law suit. There are no such facts here. The stated conduct of Judge Varner does not support such an inference.

> The allegation of lack of impartiality stemming from Judge Varner's acquaintanceship or friendship with witnesses and defense counsel is likewise tenuous. It does not exceed what might be expected as background or associational activities with respect to the usual district judge. As a factual basis, the allegations fall short of supporting an inference of lack of impartiality under § 455(a).

*Id.* at 103–04.

■ In the instant case, I acknowledge my personal friendship with Mayor Young, a nominal party to this action. This relationship, however, does not support a claim of lack of impartiality because it is not supported by "facts which would raise a reasonable inference of lack of impartiality in the context of the issues presented" in this case. *Id.* The reality of life is that only a small number of Black persons have been elevated to positions of responsibility in our national life. It therefore is highly likely, especially in a predominately Black city like Detroit, that a Black Federal Judge would know, on a friendship basis, a Black Mayor. The mere fact that I have a personal friendship with Mayor Young, a nominal party to this action, cannot be said to support a reasonable inference of lack of impartiality.

Plaintiffs do not allege that I am personally biased for or against any party to this action. In fact, plaintiffs affirmatively deny that I am biased or prejudiced, and can point to no instance in which this Court has conducted proceedings in this matter in anything but a fair and impartial manner. At this point, therefore, the provisions of Sections 144 and 455(b) do not come into play.

The conclusion is inescapable that the likely grounds upon which plaintiffs' motion is based is the fact that I am Black, that Mayor Young is Black, that this action was brought by white policemen seeking to challenge the affirmative action program in the Detroit Police Department, and that, therefore, it is reasonable to infer that I am somehow incapable of presiding over this case in a fair and impartial manner. In my eleven years as a member of the federal judiciary, I have had occasion to preside over a great many civil rights cases,[6] includ-

**6.** *See e. g., Garrett v. Hamtramck,* 357 F.Supp. 925 (E.D.Mich.1973), *rev'd,* 503 F.2d 1236 (6th Cir. 1974), *on remand,* 394 F.Supp. 1151 (E.D. Mich.1975); *Zuch v. Hussey,* 394 F.Supp. 1028 (E.D.Mich.1975), *aff'd,* 547 F.2d 1168 (6th Cir. 1977); *Stamps v. Detroit Edison Co.,* 365 F.Supp. 87 (E.D.Mich.1973), *rev'd sub. nom., EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975), *vacated and remanded* 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977); *Davis v. School District of Pontiac,* 309 F.Supp. 734 (E.D.Mich.1970), *aff'd,* 443 F.2d 573 (6th Cir.),

ing cases in which I have ruled against Black parties.[7] Furthermore, this Court presided over *Concerned Police Officers for Equal Justice v. City of Detroit*, Civil No. 5–70768, filed April 30, 1975. At issue in that case was plaintiffs' challenge to planned economic lay-offs and demotions of members of the Police Department following a budget dispute between the City of Detroit and the police unions.[8] Following many hours of in-court negotiations, a settlement was reached. Of that settlement and the manner in which this Court handled a potentially volatile situation, the official publication of the Detroit Police Lieutenants and Sergeants Association,[9] *Bars & Stripes*, noted the following:

> The [Lieutenants and Sergeants] Association owes much to Judge Damon Keith. Judge Keith displayed compassion, concern and fairness in acting as an arbitrator in this matter.[10]

In none of the above cases was a motion to disqualify either pursuant to Sections 144 or 455, ever filed by any party.

The essence of plaintiffs' not-so-subtle argument in support of my disqualification from this case, if carried to its logical conclusion, would require my disqualification from all cases involving the City of Detroit as well as all cases involving affirmative action programs. If this were the case, no Black judge who happens to be acquainted with Black officials nominally named in law suits could preside over cases such as the instant case. Indeed, white judges likewise would be subject to disqualification in suits

challenging affirmative action programs in situations similar to those present here, where a white judge is acquainted with a white mayor nominally named as a defendant in a civil rights suit brought by black plaintiffs. *See generally, Blank v. Sullivan & Cromwell*, 418 F.Supp. 1 (S.D.N.Y.1975); *Commonwealth v. Local Union 542*, 388 F.Supp. 155, 162–81 (E.D.Pa.1974).

This country has come a very long way in race relations. It would certainly be a sad state of affairs were the federal judiciary now to find itself in a position which subjects it to what can only be referred to as racial judge shopping.

It is therefore ORDERED that the motion is denied without prejudice to the rights of plaintiffs to bring a further motion should it occur that they can point to instances of bias or prejudice which would substantiate a motion to disqualify.

cert. denied 404 U.S. 913, 92 S.Ct. 233, 30 L.Ed.2d 186 (1971).

**7.** *See e. g., Burroughs v. Marathon Oil Co.*, 446 F.Supp. 633 (E.D.Mich.1978); *Jones v. United States Postal Service*, 78 F.R.D. 196 (E.D.Mich. 1978).

**8.** This Court has ruled against the City of Detroit in other cases as well. *See e. g., Madison*

*Realty Co. v. City of Detroit*, 315 F.Supp. 367 (E.D.Mich.1970).

**9.** The Detroit Police Lieutenants and Sergeants Association is one of the plaintiffs in this case.

**10.** *Bars & Stripes*, Vol. 10, No. 7, July 1975 at 1–2.