**UNITED STATES of America, Plaintiff,**

v.

**Keith KEHLBECK, Defendant.**

**No. IP 90–73–CR.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 20, 1990.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, Ind., for plaintiff.

Larry Mackey, Asst. U.S. Atty., Office of U.S. Atty., Indianapolis, Ind., for defendant.

## ENTRY ON DEFENDANT'S REQUEST FOR RECUSAL

TINDER, District Judge.

This matter comes before the court on a request by the defendant, Keith Kehlbeck, seeking recusal of the undersigned judge in this case pursuant to the provisions of 28 U.S.C. §§ 144 and 455(a). The request comes in the form of the defendant's sworn affidavit, which is accompanied by a certificate of good faith signed by counsel for the defendant. The defendant's affidavit sets forward the basis for the recusal motion in three paragraphs:

1. This cause has been assigned to the Honorable John D. Tinder. That the defendant and the Government had agreed upon a preindictment guilty plea and plea bargain.

2. That the defendant has had several social contacts of a nature which concern the defendant of John D. Tinder's ability to be fair and impartial in this cause. That these social contacts are of a nature that his impartiality in this matter might reasonably be questioned.

a. That most recently, the petitioner met with Hon. John D. Tinder and others at Dalt's restaurant, within the past nine months, when this matter was under investigation. That this matter was not discussed. However, because these contacts were social, and not completely superficial, petitioner is concerned that the Hon. John D. Tin-

der may entertain a bias against him or for him. That, in either event, it is inappropriate for the Hon. John D. Tinder to sit in judgment of this matter.

b. That an individual who may figure prominently in the disposition of this cause specifically Mr. Stuart Rhodes has upon information and belief, had significant social and perhaps political contacts with the Honorable John D. Tinder.

3. That based upon the foregoing, the defendant believes that under 28 U.S.C. 144 and 28 U.S.C. 455 that the Honorable John D. Tinder should recuse himself from this cause and that this cause be assigned to another District Judge.

Having considered the law on recusal and the affidavit submitted in support, this court now rules as follows:

*A. Recusal under 28 U.S.C. § 144*

[1–3] Because the two recusal statutes relied upon by the defendant are not identical, this court addresses first the merits of recusal under § 144.[1] The mere filing of an affidavit under § 144 does not work the automatic recusal of the judge. Recusal can result only after the judge has ruled on the affidavit and has issued an order of recusal. The judge who is the object of the recusal motion may pass on the merits of motion. *Berger v. United States,* 255 U.S. 22, 36, 41 S.Ct. 230, 234, 65 L.Ed. 481 (1921) (Supreme Court rules that District Judge Kenesaw Mountain Landis may pass on sufficiency of affidavit seeking his recusal from treason criminal prosecution); 13A Wright, Miller & Cooper, Federal Practice & Procedure, § 3551, p. 633 (2d ed. 1984). Thus, the filing of an affidavit pursuant to § 144 is akin to the filing of a motion. Both require an order of the court to become effective. (Indeed, the defendant in this case entitled his affidavit a "request"

for recusal, and "moved" for recusal in the body of the affidavit.)

Although recusal does not occur until a judge rules on the affidavit, the judge's role is a limited one. Upon the filing of an affidavit to recuse under § 144, the trial judge is called upon to decide only whether the affiant has met three requirements: (1) whether a party has made and filed a timely affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and, (3) whether the affidavit is legally sufficient. If all three issues are resolved in the affiant's favor, then § 144 mandates that "such judge shall proceed no further therein."

█ The defendant has filed a timely affidavit as well as a good faith certificate of counsel, but recusal is still not proper under § 144 because the third requirement has not been met. In order to be legally sufficient, an affidavit must contain allegations of particularly stated material facts that are adequate to convince a reasonable person that personal bias against the affiant or in favor of an adverse party actually exists in the mind of the presiding judge. *United States v. Jeffers,* 532 F.2d 1101, 1112 (7th Cir.1976), *aff'd in part & vacated in part,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1019 (5th Cir. Unit A Feb. 1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982).

█ The requirement that facts be pleaded with particularity exists for a good reason. An opposing party may not bring forward contradictory facts; nor may the judge, despite the fact that he will often have personal knowledge of the events or circumstances at issue. *Berger v. United States,* 225 U.S. at 36, 41 S.Ct. at 234. The decision to recuse under § 144 is based

---

1. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

only on the facts produced in the affidavit, and thus, is made without the benefit of the adversarial fact-finding process. *Church of Scientology v. Cooper*, 495 F.Supp. 455, 458 (D.C.Calif.1980) (even false allegations must be accepted as true under § 144). By removing from the judge's authority the power to resolve factual disputes, § 144 enables the judge who is the object of the recusal affidavit to retain the authority to pass judgment on its legal sufficiency. Because the affiant's version of the facts cannot be contested, the affiant is required to plead with particularity those facts that establish the judge's bias. As a corollary to this rule, the affiant's conclusional allegations, gossip, rumor, and speculation do not have to be accepted as true by the judge. *Berger v. United States*, 255 U.S. at 34, 41 S.Ct. at 233; *United States v. Professional Air Traffic Controllers Org.*, 527 F.Supp. 1344, 1355 (N.D.Ill.1981); *Action Realty Co. v. Will*, 427 F.2d 843, 844 (7th Cir.1970).

In this case, most of the statements contained in Kehlbeck's affidavit fall into this later category, and need not be accepted as true by the undersigned. If the particularly pleaded facts were distilled from the affidavit, they would read as follows:

> The defendant has had more than one social contact with John Tinder. On one occasion between September 25, 1989 and June 25, 1990, the defendant met with the undersigned and others at an Indianapolis restaurant. This matter was under investigation by the United States Attorney's Office at that time, but was not discussed between the defendant and the undersigned. In addition, a likely witness in this case, Stuart Rhodes, has come into contact with the undersigned on a social basis.

As discussed below, the rest of the statements in the affidavit are non-facts. In the first line of paragraph 2, the word "several" is a conclusional term that can be used to describe any number of social contacts above one. The bulk of paragraph two is nothing more than a conclusional statement of the defendant's belief regarding the undersigned's impartiality. Within paragraph 2(a) of the affidavit, the defendant characterizes his encounter with the undersigned at a restaurant as "social, and not completely superficial." While "social" is an adequate factual allegation, "not completely superficial" is an ambiguously negative description of the encounter. For example, a judge may not preside over a case in which his father appears as a defendant, but that does not mean the judge must recuse himself from a case simply because the defendant is characterized in an affidavit as "a man who is not childless." While it is implicit in such a negative statement that the defendant *could* be the judge's father, a properly worded affidavit should affirmatively state that the defendant *is* the judge's father.

This court has accepted as a fact that the defendant "met with" the undersigned at an Indianapolis restaurant.[2]

---

**2.** Although for purposes of recusal a court must accept as true the factual allegations in an affidavit, the court is not required to suppress its own version of the truth. Judges accused of bias often contradict an affiant's allegations through a parenthetical explanation. *See Church of Scientology v. Cooper*, 495 F.Supp. at 460 (court accepts affiant's factual allegations as true but includes in the opinion the court's version of the events leading to the charge of bias); *United States v. IBM Corp.*, 475 F.Supp. 1372, 1379–80 (S.D.N.Y.1979), *aff'd*, 618 F.2d 923 (2d Cir.1980) (obligation to accept facts as true "does not preclude the court from putting the facts alleged in their proper context and examining the surrounding circumstances.").

This court has accepted as a fact that the defendant "met with" the undersigned at an Indianapolis restaurant, but is troubled by that statement. Through the use of a common phrase that is pregnant with meaning, the defendant has implied that meaning without actually articulating it. "Met with" implies that the defendant and the undersigned had pre-arranged to arrive at the same place at the same time for a common purpose, and that this pre-arrangement was fulfilled. In reality, the undersigned, along with his wife and two friends, "encountered" or "ran into" the defendant and others at a restaurant while waiting for a table to become available. Various members of both groups were acquainted with each other, and routine greetings were exchanged before both parties went their separate ways. The encounter was quite brief, and no information of substance was exchanged.

The undersigned had no arrangement with the defendant to arrive at the restaurant at the same time as the defendant. His contempora-

The rest of paragraph 2(a) of the affidavit contains the defendant's conclusional opinions about the effect of this encounter on the undersigned's impartiality. In paragraph 2(b) of the affidavit, the characterization of Rhodes' social contact with the undersigned as "significant" is conclusional. In that same paragraph, the defendant speculates that Rhodes has "perhaps political contacts" with the undersigned, but pleads no facts to support this speculation. All of paragraph 3 of the affidavit is conclusional.

 Under § 144, the well-pleaded facts must show *actual* extra-judicial, personal bias or prejudice in order for recusal to be proper—the *appearance* of bias or prejudice is not sufficient. *Contrast* 28 U.S.C. § 455(a). Here, the well-pleaded facts are not legally adequate to convince a reasonable person that personal bias against the affiant or in favor of an adverse party actually exists in this court's mind. Rarely does a judge's mere acquaintance with a party or witness justify recusal. *See, e.g., United States ex rel. Perry v. Cuyler,* 584 F.2d 644 (3d Cir.1978), *cert. denied,* 440 U.S. 925, 99 S.Ct. 1257, 59 L.Ed.2d 480 (1979) (judge who had attended the funeral of murdered police officer could preside over the alleged murderer's criminal prosecution); *United States v. Meyerson,* 677 F.Supp. 1309 (S.D.N.Y.1988) (judge who had met defendant on only two occasions need not recuse from criminal case); *Clay v. Doherty,* 608 F.Supp. 295 (N.D.Ill.1985) (judge's acquaintance with key witness in civil rights case did not justify recusal); *M.K. Metals, Inc. v. National Steel Corp.,* 593 F.Supp. 991, 994–95 (N.D.Ill.1984) (judge's friendship with the principal of a "think-tank" that was providing an expert witness to the defendant did not justify recusal); *United States v. Conforte,* 457 F.Supp. 641 (D.C.Nev.1978), *aff'd,* 624 F.2d 869, *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980) (recusal not required in criminal case in which defendant had dozens of social encounters with judge at bridge tournaments, despite the fact that the judge had publicly expressed a negative impression of the defendant). This case falls solidly in line factually with this series of cases.

In contrast, the facts of this case fall far short of the circumstances in which a judge's familiarity with a party or witness has led to a recusal. *Cf. United States v. Kelly,* 888 F.2d 732 (11th Cir.1989) (judge should have recused under § 455(a)). In that case the trial court judge refused to recuse despite the fact that a defense witness's wife was good friends with the judge's wife. When the defense witness's wife appeared in court one day, the judge called her into his chambers to ask her why she was in the building. When the judge realized that she was there to watch her husband testify, the judge acknowledged to the parties there was a possibility that the reasonable person might question his impartiality, but nonetheless refused to recuse himself. On appeal, the circuit court concluded that the trial judge should have recused. Significantly, this decision was based on § 455(a)'s "appearance of bias" standard, not § 144's stricter standard of "actual bias." The facts in *Kelly* suggested the need for recusal far more strongly than do the facts in this case.

Recusal under § 144 is not proper. The defendant has failed to allege, in affidavit form, facts sufficient to convince a reasonable person that actual personal bias or prejudice against the defendant or in favor of an adverse party exists in the mind of the court.

## B. Recusal Under 28 U.S.C. § 455(a)

 The law of recusal under § 455(a) [3] is quite similar to the law developed under § 144. Both put forward objective standards for recusal, and both require a showing of extra-judicial personal bias. In addition, the decision to recuse under both stat-

---

neous presence at that location was purely coincidental. The undersigned did not even know the defendant would be in the restaurant, and did not dine with the defendant.

3. "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

utes is committed to the sound discretion of the trial judge.

Although the two statutory provisions are similar in many ways, their differences are quite important. For example, the legal standard under § 455(a) is less stringent than the § 144 standard. *Phillips v. Joint Legislative Comm.*, 637 F.2d at 1019 n. 6. Under § 455(a), a judge should disqualify himself if "a reasonable person would infer, from all the circumstances, that the judge's impartiality is subject to question." *Baker v. Detroit*, 458 F.Supp. 374, 376 (E.D.Mich.1978). Section 144 requires recusal only if *actual* bias can be shown. In addition, section 455(a) sets forward no procedural barriers to recusal, unlike § 144, which has a variety of procedural hurdles. For example, under § 455(a), timeliness is not a factor, *SCA Services, Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir.1977), and a party may move for recusal under § 455(a) even without submitting a sworn affidavit, thereby avoiding the risk of perjury (indeed, a party need not even move for recusal since a judge is required to recuse himself *sua sponte* under § 455(a) if he knows of facts that would undermine the appearance of impartiality). Because the legal and procedural standards are less demanding under § 455(a), however, the judge is not required to accept the factual allegations of the party moving for recusal. *Phillips v. Joint Legislative Comm.*, 637 F.2d at 1019 n. 6; *U.S. v. Alabama*, 571 F.Supp. 958, 962 (N.D.Ala.1983), *aff'd*, 762 F.2d 1021 (11th Cir.1985), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). Although this court is not required to accept the defendant's allegations as true for purposes of ruling under § 455(a), the fact that the defendant has submitted a sworn affidavit suggests that his allegations ought to be accepted as true, despite the potentially illusive nature of the language as discussed above.

Even if the defendant's facts, set out *supra* at 6, n. 2, are accepted as true, recusal is not proper under § 455(a). The facts well-pleaded by the defendant suggest only that the undersigned is acquainted with both the defendant and a possible witness in the case. As the cases cited earlier suggest, a judge's mere acquaintance with a party or witness is not sufficient to call into question that judge's impartiality.

It is a well established principle that a judge is not required to forego a private life in order to sit as a federal judge.

A judge must have neighbors, friends, and acquaintances, business and social relations, and be a part of his day and generation.... [T]he ordinary results of such associations and the impressions they create in the mind of the judge are not the personal bias or prejudice to which the recusal statute refers.

*Pennsylvania v. Local Union 542, Int'l Union of Operating Engineers*, 388 F.Supp. 155, 157 (E.D.Pa.1974).

Even if the defendant and Mr. Rhodes were friends of the undersigned, judges may have friends without having to recuse themselves from every case in which a friend appears as counsel, party, or witness. *See, e.g., Baker v. Detroit*, 458 F.Supp. at 375 (judge's friendship with Mayor, who was nominal party to lawsuit, did not require recusal); *Parrish v. Board of Commissioners of the Alabama State Bar*, 524 F.2d 98, 104 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976) (the fact that judge was acquainted with witnesses and defense counsel did not require recusal); *Hunt v. Mobil Oil Corp.*, 557 F.Supp. 368, 377 (S.D. N.Y.), *aff'd* 742 F.2d 1438 (2d Cir.1983) (judge's friendship with plaintiffs' former counsel, who had a falling out with plaintiffs, did not prejudice judge against plaintiffs); *Miller Indus. Inc. v. Caterpillar Tractor Co.*, 516 F.Supp. 84, 87 (S.D.Ala. 1980) (judge who had pooled investments with former law partners need not recuse himself from case where former law partners' law firm served as plaintiff's counsel); *Smith v. Pepsico, Inc.* 434 F.Supp. 524, 525–26 (S.D.Fla.1977) (judge refused to recuse from case in which former law clerk served as plaintiff's attorney).

These types of extra-judicial contacts have not been enough to overcome the

strong presumption that a judge is impartial. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir.1981); *Smith v. Danyo*, 441 F.Supp. 171 (M.D.Pa.1977), *aff'd*, 585 F.2d 83 (3d Cir.1978). This presumption of impartiality grows in large part from the fact that the practice of law is a profession, and the judicial office is one specialized manifestation of that profession. As a professional, a judge is presumed to be capable of distinguishing his personal life from his professional obligations. Although the following words were directed toward friendship with counsel, not mere acquaintance with a party or witness, they have some merit in this case as well.

A reasonable person would and should conclude that the oaths and obligations of a judge are not so meaningless as to be overcome merely by friendship with a party's counsel. True, those who sit on the bench are not so sanctified by that position as to be beyond the touch of human emotion. Quite the contrary, it is for that reason that procedures exist for their recusal. However, there is a measure of professionalism that is reasonably expected of those in the legal profession that contemplates and, in fact, revels in the intellectual ability of our kind to rise above our friendship to other counsel.

*Armstrong Rubber Co. v. Carr*, 1986 WL 4485 (E.D.Pa.1986).

The facts alleged by the defendant establish only an acquaintance with the defendant and a witness. These facts are not sufficient to call into question this court's impartiality. Recusal under § 455(a) is not proper. In an ideal world, one would hope not to be presented with the obligation of presiding over the criminal prosecution of an acquaintance. In the real world, such insulation is not possible; nor is a judge expected to be so isolated from a normal life that he cannot eat in a public restaurant or have acquaintances and friends.

### Conclusion

For all of the above reasons, the defendant's motion for recusal under 28 U.S.C. §§ 144 and 455(a) is DENIED. The facts brought forward by the defendant are not sufficient to show either actual bias or the appearance of bias. It should be noted that a challenge to the denial of a recusal request may be preserved only by immediately moving for a writ of mandamus. *United States v. Sidener*, 876 F.2d 1134 (7th Cir.1989).