573 F.2d 1121
 UNITED STATES of America et al., Plaintiffs-Appellees,
v.
STATE OF WASHINGTON, Defendant-Appellant.
 No. 77-2497.
 United States Court of Appeals,
Ninth Circuit.
 April 24, 1978.
 
 James M. Johnson, Asst. Atty. Gen., Olympia, Wash., for defendant-appellant.
 James W. Moorman, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.
 KENNEDY, Circuit Judge:
 
 
 1
 The State of Washington moved in the district court to disqualify the trial judge from any further proceedings in United States v. Washington. See United States v. Washington, 384 F.Supp. 312 (W.D.Wash.1974), aff'd, 520 F.2d 676 (9th Cir. 1975), cert. denied, 423 U.S. 1086, 96 S.Ct. 877, 47 L.Ed.2d 97 (1976). The motion was denied, and the state seeks to appeal that ruling. The United States has moved to dismiss the appeal for lack of jurisdiction. We agree that the ruling in question is not an appealable order, and we dismiss the appeal.
 
 
 2
 Early authority in this circuit, and more recent authority generally, hold that denial of a motion to disqualify is not a final order nor one that should be treated as such under Cohen v. Beneficial Industrial Loan Corp.,337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Robinson v. Largent,419 F.2d 1327 (3d Cir. 1970) (per curiam); Rosen v. Sugarman, 357 F.2d 794 (2d Cir. 1966); Baltuff v. United States, 35 F.2d 507 (9th Cir.), cert. denied, 278 U.S. 579, 49 S.Ct. 517, 73 L.Ed. 517 (1929); McColgan v. Lineker, 289 F. 253 (9th Cir. 1923); see 9 Moore's Federal Practice P 110.13(10), at 187 (2d ed. 1975). Cf., Cord v. Smith, 338 F.2d 516 (9th Cir. 1964) (disqualification of attorney). We adhere to this rule. Since the district court's ruling on the motion was not a final order under 28 U.S.C. § 1291 nor an order certified under 28 U.S.C. § 1292(b), the appeal should be dismissed.
 
 
 3
 Parties aggrieved by the trial court's refusal to order disqualification are not wholly without an interlocutory remedy. In the exceptional case, where the issue of disqualification appears to be a significant one, the court may consider the motion to disqualify upon a petition for a writ of mandamus. Gladstein v. McLaughlin, 230 F.2d 762 (9th Cir. 1955). Although we may, where circumstances warrant, treat an attempt to appeal from a nonappealable order as a petition for writ of mandamus, Cord v. Smith, 338 F.2d 516, 521-22 (9th Cir. 1964), we decline to do so in this case. We considered related or similar contentions by the state when we denied a petition for a writ of mandamus in a previous order. Washington v. United States District Court, No. 77-2698 (9th Cir., Oct. 11, 1977) (order denying writ of mandamus). The state claims that additional issues are before us here, but we note that they could have been raised in the previous mandamus proceeding. In these circumstances it would be inappropriate to treat this appeal as still another petition for writ of mandamus, and we decline to do so.
 
 
 4
 Other orders entered by the district court in this litigation are now before this court on appeal, and the state has moved to consolidate this appeal with one or more of those appeals so that we might consider the disqualification issue. Consolidation under Federal Rule of Appellate Procedure 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice, but each of the matters to be consolidated must be within the jurisdiction of the court. If the refusal to disqualify has a bearing upon appealable orders now on review, if the alleged error has been properly argued as a ground for reversal in the briefs on file, and if the portion of the proceedings relating to the questioned disqualification is reflected in the record on those appeals, then the issue may be argued there. But we cannot inject the issue into those other cases by the device of ordering consolidation when the appeal in question contains a fatal jurisdictional defect.
 
 
 5
 The appeal is dismissed for lack of appellate jurisdiction.
 
 
 
 *
 Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation