**UNITED STATES of America, Appellee,**

v.

**Dennise Astrevia CARIGNAN, Appellant.**

No. 78–3202.

United States Court of Appeals, Ninth Circuit.

July 13, 1979.

Randy Montesano and Tony Tamburello, San Francisco, Cal., for appellant.

Eric Swenson, Asst. U. S. Atty., San Francisco, Cal., for the U. S.

Before ELY and KILKENNY, Circuit Judges, and MURRAY, District Judge.*

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted for possession with intent to distribute a controlled substance [cocaine] in violation of 21 U.S.C. § 841(a)(1). She assigns three errors: (1) that the district judge erred in refusing to disqualify himself; (2) that the district court erred in refusing to suppress certain evidence obtained as a result of the search of appellant's apartment; and (3) that the district court erred in refusing to place appellant on probation.

I.

Appellant concedes that she cannot show a violation of 28 U.S.C. § 144, which, as judicially construed, requires that the bias or prejudice of the judge be twofold: (1) personal, i. e. directed against the party, and (2) extra-judicial. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1922); *United States v. Azhocar*, 581 F.2d 735, 739 (CA9 1978), cert. denied ——

---

* The Honorable Frank J. Murray, Senior United States District Judge for the District of Massachusetts, sitting by designation.

U.S. ——, 99 S.Ct. 1213, 59 L.Ed.2d 454 (Feb. 20, 1979). Appellant has met neither of these requirements. The prejudice, if any, was against appellant's attorney, rather than appellant, and the alleged prejudice was not extrajudicial.

Appellant attempts to utilize the provisions of 28 U.S.C. § 455(a), which provides, among other things, that: "Any justice, judge, magistrate or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

 While recognizing that the district judge's bias was not directed against her personally, appellant contends that his alleged bias against her attorney afforded reasonable grounds to question his impartiality. The Fifth Circuit has held that §§ 144 and 455 must be construed *in pari materia* and that the test for disqualification is the same under both statutes. *Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1052 (CA5 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). We adopted the reasoning of *Davis* in *United States v. Olander*, 584 F.2d 876, 882 (CA9 1978). Although *Davis* and a few other decisions that have considered the subject have held that bias for or against an attorney might be so virulent as to amount to bias for or against the party, *Davis, supra,* at 1051, and *United States v. Ritter*, 540 F.2d 459, 462 (CA10 1976), the appellant does not set forth any facts which would lead us to believe that this might be the case on the record before us.

As an escape hatch, appellant argues that the later Fifth Circuit case of *Parrish of Board of Commissioners of Alabama State Bar*, 524 F.2d 98, 103 (CA5 1975), *cert. denied* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976), by implication overrules *Davis*. She fails to recognize that our court in *Olander*, which was decided subsequent to *Parrish*, went along with the rule adopted in *Davis* that the controlling test for bias and prejudice was the same under both statutes.

Moreover, we find naught in the record that would reasonably support a ground to fear that the district judge was biased against appellant. The judge's squabble with the appellant's attorney, Ryan, occurred more than four years prior to the trial and we find nothing to suggest that there was a running gunfight between the two during this period of time. For that matter, at the time of her indictment, appellant was represented by counsel other than Ryan. Only after the assignment of the case to the trial judge and her arraignment, did she substitute Ryan as her counsel. The record shows that she was advised by Ryan of the previous controversy while she was still represented by other counsel and, nonetheless, elected to employ him. We find no merit in appellant's argument that due process would require the disqualification of the judge under these circumstances.

### II.

██ Our study of the affidavit filed in support of the search warrant convinces us that there was probable cause for the issuance of the warrant. The affidavit should be read in a common sense and realistic fashion. *United States v. Wong*, 470 F.2d 129, 131 (CA9 1972). Appellant's challenges to the language of the warrant are meritless.

### III.

█ Appellant's claim that the court erred in failing to place her on probation is groundless. Her appellate counsel has now been authorized to inspect the presentence report, the recommendation being deleted. The maximum sentence for this offense is 15 years and the average sentence is 4½ years. A sentence of 18 months was well within the discretion of the district judge.

### CONCLUSION

Finding no error, we affirm the judgment of the district court.

This court's judgment shall issue forthwith, and no petition for rehearing will be entertained. See Rule 2, FRAP.[1]

IT IS SO ORDERED.

---

1. The appellant's motion, filed herein on June 27, 1979, is hereby denied as moot.