972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Kenneth M. ALLISON; Wanda Jean Allison, et al., Debtors.
Kenneth M. ALLISON; Wanda Jean Allison, et al., Plaintiffs-Appellants,
v.
U.S. BANKRUPTCY COURT, Defendant-Appellee.
 No. 88-3761.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth M. and Wanda Jean Allison appeal the Bankruptcy Appellate Panel's ("BAP") dismissal for lack of jurisdiction of their appeal from the bankruptcy court's denial of their motion to disqualify the bankruptcy judge. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 This court has jurisdiction over "final decisions, judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(d). This court does not have jurisdiction over appeals from interlocutory orders. See Allen v. Old Nat'l Bank of Wash. (In re Allen), 896 F.2d 416, 418 (9th Cir.1990). An order denying a motion to disqualify a bankruptcy judge is interlocutory and nonappealable. See United States v. Washington, 573 F.2d 1121, 1122 (9th Cir.1978).
 
 
 4
 Nevertheless, in "exceptional cases," this court may construe an appeal from such order as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651(a). Id. at 1122-23; Bauman v. United States Dist. Ct., 557 F.2d 650, 654 (9th Cir.1977). This court considers five guidelines when determining whether to issue a writ of mandamus: (1) petitioner has no adequate means, such as a direct appeal, to attain relief desired, (2) petitioner will be damaged or prejudiced in a way not correctable on appeal, (3) the court's order is clearly erroneous as a matter of law, (4) the court's order is an oft-repeated error or manifests a persistent disregard for federal rules, and (5) the court's order raises new and important problems or issues of law of first impression. In re Allen, 896 F.2d at 419-20 (citing Bauman, 557 F.2d at 654-55). The petitioner need not satisfy all guidelines, but a "highly significant" criterion is whether the order appealed is "clearly erroneous as a matter of law." Merle Norman Cosmetics, Inc. v. United States Dist. Ct., 856 F.2d 98, 100 (9th Cir.1988); see also Christensen v. United States Dist. Ct., 844 F.2d 694, 697 (9th Cir.1988).
 
 
 5
 Here, the Allisons moved to disqualify the bankruptcy judge pursuant to 28 U.S.C. § 455(a), which provides that a bankruptcy judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1] In the Ninth Circuit, the test for disqualification under section 455 is the same as that under section 144. United States v. Sibla, 624 F.2d 864, 869 (9th Cir.1980); United States v. Carignan, 600 F.2d 762, 764 (9th Cir.1979). Section 144 requires a two-fold showing of bias or prejudice: (1) personal, i.e., directed at the party, and (2) extrajudicial. Carignan, 600 F.2d at 763.
 
 
 6
 The Allisons alleged the bankruptcy judge was prejudiced not against them but against their attorney.[2] The Allisons based their allegations upon actions or comments by Judge Sullivan in other proceedings involving their attorney. Moreover, the Allisons failed to provide facts showing the bias against their attorney amounted to bias toward them. See United States v. De Luca, 692 F.2d 1277, 1282 (9th Cir.1982); United States v. Poland, 659 F.2d 884, 892-94 (9th Cir.) (per curiam) (judicial misconduct claim rejected despite judge's "impatience and irritation" directed toward counsel and toward defendants during their testimony), cert. denied, 454 U.S. 1059 (1981). Thus, the Allisons failed to satisfy section 144. See Sibla, 624 F.2d at 868 (affidavit containing conclusions and no specific facts is legally insufficient to support motion for recusal).
 
 
 7
 The bankruptcy court's order was not clearly erroneous as a matter of law. See Merle Norman Cosmetics, 856 F.2d at 101. Further, the order did not raise a new problem or issue of law, see Washington, 573 F.2d at 1122-23, and the Allisons failed to allege they will be prejudiced or damaged in a manner not correctable upon appeal.[3] Additionally, the Allisons have not provided facts to show the court has committed an "oft-repeated error." Even though the Allisons do not have an adequate remedy,[4] they have failed to demonstrate their case is "exceptional" sufficient to warrant the granting of a petition. See Bauman, 557 F.2d at 654.[5]
 
 
 8
 APPEAL DISMISSED AND PETITION FOR WRIT OF MANDAMUS DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Allisons' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The burden is on the moving party to allege facts from which a reasonable person would fairly infer that the judge is personally and extrajudicially prejudiced or biased against the party. Wood v. McEwen, 644 F.2d 797, 802 (9th Cir.1981) (per curiam), cert. denied, 455 U.S. 942 (1982)
 
 
 [2]
 Other circuits have held that bias for or against an attorney might be so virulent as to amount to bias for or against the party. See, e.g., Davis v. Board of Sch. Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir.1975), cert. denied, 425 U.S. 944 (1976)
 
 
 [3]
 Any issue not raised on appeal is deemed abandoned. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [4]
 The order denying the Allison's motion to disqualify the bankruptcy judge is interlocutory and nonappealable. See Christensen, 844 F.2d at 697
 
 
 [5]
 On May 21, 1992, the Allisons filed a motion for leave to submit additional authorities. No leave of court is required to advise the court of such authorities. Fed.R.App.P. 28(j). Accordingly, the motion is denied