9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Margaret COMORA, Debtor,
Margaret COMORA, Plaintiff-Appellant,
v.
Irvin RADELL; Nancy Radell; David Radell; Mary Radell,
Defendants-Appellees.
 No. 91-56166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Margaret Comora appeals the district court's order dismissing her purported appeal from bankruptcy court. We lack jurisdiction and dismiss the appeal.
 
 
 3
 Creditors brought an adversary proceeding against Comora in bankruptcy court. She alleged that the creditors filed the proceeding too late and moved to dismiss for lack of subject matter jurisdiction. She also moved to disqualify the bankruptcy judge. The bankruptcy judge denied both motions and gave Comora ten days to file an appeal. She appealed to the district court. It dismissed her appeal because it was not from a final order.
 
 
 4
 Comora argues that the bankruptcy court authorized the interlocutory appeal. She misunderstands that court's power. The district court, not the bankruptcy court, must grant leave for the appeal of an interlocutory order. 28 U.S.C. § 158(a) (1993).
 
 
 5
 The bankruptcy court did not, nor could it, certify Comora's appeal to the district court. Presumably, the court was merely informing her that she had ten days to file a motion for leave to appeal. When she filed a notice of appeal instead, the district court considered it as a motion for leave to appeal and denied leave. See 11 U.S.C. § 8001(b), 8002(a) and 8003(c); Rule 152, Local Bankr.Rules, Central Dist. of Calif. (West 1993).
 
 
 6
 We have jurisdiction over bankruptcy appeals under 28 U.S.C. § 158(d) only when both the district and bankruptcy courts' orders are final. See In re Allen, 896 F.2d 416, 418 (9th Cir.1990) (per curiam). In bankruptcy proceedings, we take a pragmatic approach to finality. In re Rega Properties, Ltd., 894 F.2d 1136, 1138 (9th Cir.1990). Interlocutory orders that cause irreparable harm are immediately appealable if the orders determine finally the discrete issues that they address. Id. When further proceedings in the bankruptcy court will affect the scope of the order, we cannot review the order. Id.
 
 
 7
 Under this standard, an order denying a motion to disqualify a bankruptcy judge is not final. See United States v. Washington, 573 F.2d 1121, 1122 (9th Cir.1978). An order denying a motion to dismiss for lack of subject matter jurisdiction is also not final. See In re Allen, 896 F.2d at 419; In re Durensky, 519 F.2d 1024, 1028 (5th Cir.1975). Because the bankruptcy court's orders were not final, we lack jurisdiction under 28 U.S.C. § 158(d).
 
 
 8
 28 U.S.C. § 158(d) is not the exclusive provision governing bankruptcy appellate jurisdiction. Under 28 U.S.C. § 1292(b), we can exercise discretionary review following an appeal to the district court of an interlocutory bankruptcy order. Connecticut Nat'l Bank v. Germain, 112 S.Ct. 1146 (1992). The district court dismissed Comora's appeal. It did not certify that the case involves a "controlling question of law ... and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).
 
 
 9
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3