15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Howard BROWNING, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; State of California; Los Angeles
Police Dept.; J. Fitzgibbon; P. Black,
Defendants-Appellees.
 No. 93-55626.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Browning appeals pro se the district court's denial of his motion to disqualify Magistrate Judge Carolyn Turchin from further proceedings in his 42 U.S.C. Sec. 1983 action against the City of Los Angeles and others for false arrest. Browning also appeals the denial of his motion to vacate Magistrate Judge Turchin's order imposing sanctions of $150 against him for delaying the litigation. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Because denial of a motion to disqualify is not a final appealable order under 28 U.S.C. Sec. 1291, and the district court has not certified this interlocutory order as appealable under 28 U.S.C. Sec. 1292(b), we lack jurisdiction to consider this issue. See United States v. State of Washington, 573 F.2d 1121, 1122 (9th Cir.1978).[1]
 
 
 4
 Similarly, sanctions in the nature of civil penalties are normally deemed interlocutory orders, and thus are not immediately appealable by the parties. Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co., 634 F.2d 1215, 1216 (9th Cir.1980). Browning has presented no evidence which would except his case from the final judgment rule. Id. Therefore, we also lack jurisdiction to consider this issue.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although in exceptional circumstances we may treat the interlocutory appeal of the denial of a motion to disqualify as a petition for writ of mandamus and decide the merits of the claim, see Unified Sewerage Agency v. Jelco, Inc., 646 F.2d 1339, 1343-1344 (9th Cir.1981), we decline to do so in this instance