103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis KANAHELE; Gordon Ka'Aihue, Defendants-Appellants.
 No. 96-10075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 06, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellants Dennis K. Kanahele and Gordon Ka'aihue appeal from the orders: 1) denying defendants' joint motion to dismiss the indictment with prejudice because retrial would violate double jeopardy; 2) denying defendant Kanahele's motion to reconsider denial of the joint motion to compel discovery of all papers and/or reports related to the jury tampering allegation; 3) denying defendant Kanahele's motion to reconsider denial of defendant Kanahele's motion to relieve counsel of Hawaii Supreme Court Construction of Rules 3.5(b) and 8.4(a) of the Hawaii Rules of Professional Conduct; and 4) denying defendants' motion to recuse District Court Judge Helen Gillmor.
 
 I.
 
 3
 The district court declared a mistrial after it was made aware of serious juror misconduct and the introduction of extraneous legal material into the jury's deliberations. We affirm the district court's denial of appellants' joint motion to dismiss the indictment for the reasons set forth in the district court's scholarly analysis of this issue in its order dated January 22, 1996.
 
 II.
 
 4
 During oral argument, counsel for Mr. Ka'aihue argued that the district court erred in denying his motion to take a sealed verdict after it appeared the jury had reached agreement as to Count I. Mr. Ka'aihue argues that retrial after the first jury had reached agreement, and he had asked to be bound by the verdict, unconstitutionally places him twice in jeopardy.
 
 
 5
 This argument was not presented in the joint opening brief. Furthermore, there is no evidence in the record that supports this contention. An appellant's brief "must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed.R.App.P. 28(a)(6). Issues not raised in appellant's opening brief are waived on appeal. Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hyrdolec, 854 F.2d 1538, 1548 (9th Cir.1988). Because counsel for Mr. Ka'aihue failed to raise this argument in appellants' joint opening brief or to include citation to the record to support this argument, this issue has been waived and we do not reach its merits.
 
 III.
 
 6
 Because we have concluded that the district court did not abuse its discretion in deciding that manifest necessity compelled the declaration of mistrial, we do not reach the question of whether the district court erred in denying appellants' motions to discover all papers and reports related to the jury tampering allegation, and to allow post-trial ex parte juror interviews.
 
 IV.
 
 7
 We must dismiss the appeal from the denial of the motion to recuse Judge Gillmor because "denial of a motion to disqualify [the trial judge] is not a final order" under 28 U.S.C. § 1291. United States v. Washington, 573 F.2d 1121, 1122 (9th Cir.1978).
 
 
 8
 AFFIRMED in part, DISMISSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3