**In re Noel Dean CLARK, Jr., Debtor,**

**No. 97–0777C–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Oct. 15, 2002.

Noel Dean Clark, Jr., Arcadia, FL, Pro se.

Stephany S. Carr, Naples, FL, Chapter 7 Trustee.

David B. McEwen, St. Petersburg, FL, for V. John Brooks.

### ORDER ON VERIFIED MOTION TO RECUSE JUDGE PASKAY and MEMORANDUM OF LAW

**(Doc. No. 181)**

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 case is the "Verified Motion to Recuse Judge Paskay and Memorandum of Law" [sic] (Verified Motion), filed by Noel Dean Clerk, Jr. (Debtor). According to the Debtor, the Verified Motion is filed pursuant to *Fla. Stat.* § 38.10 and Canon 3C of the Code of Judicial Conduct. In the Verified Motion, the Debtor alleges that he cannot get a fair and impartial ruling because the undersigned is obviously biased towards *pro se* debtors, very rude and obnoxious, and indicates a strong dislike for this *pro se* Debtor; that he cannot receive a fair and impartial ruling from a judge "that wishes to make mock-

ery of his presence in Court"; and that this Court tried to shame and embarrass the *pro se* Debtor.

On September 5, 2002, V. John Brook, the Trustee in charge of the administration of the estate of Elnora May Hoffman, filed a Response to the Debtor's Motion to Recuse. Brook, in his Response, alleged that among the assets of the Hoffman estate is a promissory note secured by a mortgage deed of a tract of land fully identified by a legal description located in Lee County, Florida and a 1957 mobile home, bearing serial no. 5579.

Brook contends that the maker of the note is delinquent and that he filed an Amended Motion for Relief from the automatic stay or in the alternative for administrative rent in this case. Simultaneous with a Response to the Motion for Relief from stay, the Debtor filed the Verified Motion to Recuse. The Debtor, in his response to the Motion filed by Brook, took the position that he "has never had and has no personal interest in the subject property," i.e. the property covered by the mortgage described earlier. Based on the position taken by the Debtor, this Court granted the motion and authorized Brook to commence a foreclosure action to enforce the mortgage lien against the subject property. This Court also provided that the relief granted was strictly *in rem* relief and did not authorize Brook to seek an *in personam* personal liability against the Debtor based on the promissory note. In addition, Brook set forth extensive citation of authorities in support of the proposition that the Motion, as pled, failed to set forth anything, which under the controlling authorities, would warrant a recusal. In addition, Brook noted that the recusal of a federal judge is not governed either by § 38.10 *Fla. Stat.* or by Rule 2.160 Fla. R. Jud. Admin.

At the duly noticed hearing on the Verified Motion, the Debtor appeared *pro se*. Ms. Carr, the Trustee of the estate of the Debtor, also appeared. This Court invited the Debtor to present argument in support of his Verified Motion. The Debtor initially stated, in essence, the same allegations which were set forth in the Verified Motion. However, he also alleged, without specifying in what manner, that this Court violated his constitutional rights and that this Court "created new law." In response to an inquiry by this Court of whether he desired to present anything else, the Debtor stated that he would like to "get some of the things on record" since he will have to "do an appeal with this thing."

After this Court approved the request, the Debtor stated that he observed during the past year that several attorneys who have appeared before this Court violated the automatic stay but that this Court did not impose any sanctions on those attorneys. However, when the Debtor was charged with violating the automatic stay, and because he never received a notice of the hearing on a motion to impose sanctions against him, this Court imposed sanctions. When he filed a Motion for Rehearing of the Order granting the sanctions, this Court granted the Motion, which was set for hearing in due course. According to the Debtor, he brought seven witnesses to the hearing on the Motion for Rehearing but this Court refused to hear any testimony on the ground that a hearing on a Motion for Rehearing was not scheduled as an evidentiary hearing but solely to hear argument limited to the issue of whether there was a sufficient legal basis to grant the request to reconsider the original motion for sanction on its merits.

The second basis for the Verified Motion is the contention by the Debtor, without really articulating with specificity, that this Court granted a Motion for Relief from

the automatic stay with the Hoffman estate involving a certain trust, which was not protected by the automatic stay. This record did not reveal what cognizable interest the Debtor had in the land involved in the Motion for Relief from the automatic stay.

Having heard the oral statement of the Debtor in support of the Verified Motion, having considered the allegations in the Verified Motion, the Response filed by Brook, as well as the pertinent part of the record of this chapter 7 case, this Court is satisfied that the Verified Motion is not supported by facts and by the legal principles applicable to a recusal, and therefore it should be denied for the following reasons.

■ It should be noted at the outset that the recusal of a federal judge is not governed by *Fla. Stat.* § 38.10 or by a State Court Rule dealing with the recusal of a judicial officer. The applicable statutes involved for recusal of a federal judge are as follows and provide:

28 U.S.C. § 455(a) states "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(b)(1) states he [judge] shall also disqualify himself in the following circumstances ... where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 144 states "the moving party shall file an affidavit which shall state the facts and the reasons for the belief that bias or prejudice exists ... and shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

28 U.S.C. § 144 and 455.

■ The burden of proof to establish a valid legal ground to disqualify a presiding judge is on the moving party. *In re Betts,* 165 B.R. 233 (Bankr.N.D.Ill.1994). Cases construing these two sections, 144 and 455, have uniformly held that a motion to recuse must be made timely and at the earliest possible moment after obtaining information of possible bias based on extrajudicial sources rather than facts arising in the context of the very proceeding presided over by the judge. *In re Cooke,* 160 B.R. 701 (Bankr.D.Conn.1993); *Planned Parenthood of Southeastern Pennsylvania v. Casey,* 812 F.Supp. 541 (E.D.Penn.1993).

■ A person seeking recusal must set forth specific facts establishing the perceived bias. *United States v. Carignan,* 600 F.2d 762 (9th Cir.1979). In seeking disqualification of a federal judge on the basis of personal bias, facts learned by judge in his judicial capacity cannot be the basis for disqualification. *Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322 (8th Cir.1985). It is also well supported by authorities that the affidavit, which must be filed in support of such motion, must allege facts which warrant a recusal. Facts that occurred in the judicial context are not sufficient to show "personal extrajudicial" bias as required by 28 U.S.C. §§ 144 and 455. As stated in the case of *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162 (6th Cir.1984), bias which justifies recusal must be a personal one, not one arising from a judge's view of the law.

■ A judge's views on legal issues may not serve as a basis for motion to disqualify. *Hasbrouck v. Texaco, Inc.,* 842 F.2d 1034 (9th Cir.1988), *aff'd,* 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990). The Ninth Circuit in the case of *United States v. Conforte,* 624 F.2d 869 (9th Cir.1980), *cert. denied,* 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980), held

that impartiality of a judge should not be questioned simply because a judge employed a strong language expressing legal opinion. Any alleged bias that arises from facts that are a matter of record, which a judge learned from his involvement in a case is not sufficient to warrant a recusal. *Vangarelli v. Witco Corp.,* 808 F.Supp. 387 (D.N.J.1992). Although certain statement made by a trial judge might have been "intemperate" such statements did not show extrajudicial bias as to warrant recusal. *Johnson v. Trueblood,* 629 F.2d 287 (3rd Cir.1980), *cert. denied,* 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981). Moreover, in the recent decision of *In re Lickman,* 284 B.R. 299 (Bankr.M.D.Fla. 2002), the bankruptcy court reaffirmed the law of the land that perceived adverse rulings do not constitute bias for disqualification purposes, *citing Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

 This Chapter 7 case has been pending since 1997, or for over five years. The Docket of this case indicates that there are over 186 entries. There have been multiple and numerous hearings and the Motion under consideration was not filed until September 3, 2002. Clearly the motion is untimely. In the last analysis, it is clear that the primary and sole basis for the grievance of the Debtor stems from this Court's two rulings. First, is the Order, which granted the Motion for Relief from Stay with respect to the Hoffman estate property, in which the Debtor disclaimed any interest. Second, is the Order, which granted the Motion to Impose Sanctions upon the Debtor for a violation of the automatic stay. Neither of the Orders involved have ever been appealed, and the time to appeal and revisit the same have long since expired.

Based on the foregoing, this Court is satisfied that the Verified Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Verified Motion to Recuse Judge Paskay and Memorandum of Law [sic] (Doc. No. 181) be, and the same is hereby, denied.