**LOS ANGELES POLICE PROTECTIVE LEAGUE, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; Does, I–XX, Inclusive, Defendants—Appellees.**

**No. 08–56399.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Feb. 26, 2009.

Richard A. Levine, I, Esquire, Stephen H. Silver, Silver, Hadden, Silver, Wexler & Levine, Santa Monica, CA, for Plaintiff–Appellant.

Angel Manzano, Esquire, Beth D. Orellana, Esquire, Rockard J. Delgadillo, Esquire, Claudia McGee Henry, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON and D.W. NELSON, Circuit Judges, and SINGLETON,* Senior District Judge.

### MEMORANDUM **

Appellant Los Angeles Police Protective League ("the League") appeals the District Court's (1) denial of the League's Motion to Recuse Judge Fees; (2) denial of the League's Motion to Remand the action to state court; and (3) denial of its

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

request for a preliminary injunction. We affirm the District Court's rulings.

This court reviews for abuse of discretion the denial of a motion for recusal. *Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir.2003). The denial of a motion to remand is reviewed de novo. *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n. 2 (9th Cir.2004). The denial of a preliminary injunction is reviewed for abuse of discretion. *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir.2004). "The scope of our review is generally limited to whether the district court employed the proper preliminary injunction standard and whether the court correctly apprehended the underlying legal issues in the case." *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003).

A. Recusal Motion

■ This court lacks jurisdiction to review the denial of the recusal motion. The order denying recusal is not a final order, *see United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir.1978), and therefore, this court generally lacks jurisdiction to review it, *see In re Cement Antitrust Litig.*, 673 F.2d 1020, 1022–24 (9th Cir.1982). Nor is the recusal motion "inextricably bound up" in the order denying the preliminary injunction such that this court can review the recusal motion under pendent jurisdiction. *See TransWorld Airlines, Inc. v. Am. Coupon Exch. Inc.*, 913 F.2d 676, 680–81 (9th Cir.1990). The League does not assert that Judge Fees's alleged bias was the cause, or in anyway linked, to the denial of motions for remand and preliminary injunction. *See id.*

B. Remand Motion

The District Court did not err in denying the motion to remand because it had jurisdiction over the League's claims. Even though the claims are based on state law, the Special Order is a "necessary procedural provision[ ] . . . absent from a consent decree." *Keith v. Volpe*, 784 F.2d 1457, 1461 (9th Cir.1986) ("[T]he supervising court has wide discretion to amend the decree to include whatever procedures are required for its efficient operation.").

Alternatively, this court also has "arising under" jurisdiction. To "arise under" federal law, (1) federal issues must be essential to the claims; (2) there must be a substantial federal interest in resolving such issues; and (3) a federal forum must be able to entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); *Shanks v. Dressel*, 540 F.3d 1082, 1093–94 (9th Cir. 2008).

■ The contracts clause claim meets these requirements. First, because the League's constitutional contract clause action requires a determination of "whether there is a significant and legitimate public purpose behind the state regulation at issue," *see Barrett v. Dawson*, 61 Cal. App.4th 1048, 71 Cal.Rptr.2d 899, 902 (Cal. Ct.App.1998) (internal quotations omitted), the court must evaluate the Consent Decree directly. Second, because the District Court "is the principal and proper arbiter [of the Consent Decree] with the responsibility to interpret the decree and oversee the litigation," *Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 860 (9th Cir.2007), there is a substantial federal interest in an action that could undermine it, *see Grable*, 545 U.S. at 315, 125 S.Ct. 2363. Finally, because a federal court has jurisdiction over a facial attack on the Consent Decree, *see Nehmer*, 494 F.3d at 860, extending jurisdiction to this related case will not reasonably disturb "Congress's intended division of labor between state and federal courts," *see Grable*, 545 U.S. at 319, 125 S.Ct. 2363.

Because the District Court has jurisdiction over the contract clause claim, it also has jurisdiction over all of the claims because they all arise from the same core of operative facts. *See* 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

### C. Preliminary Injunction

#### 1. Privacy Claim

■ The District Court did not abuse its discretion. The League cannot show a likelihood of success on the privacy claim because the officers do not have a reasonable expectation of privacy in financial information that they are already required to disclose. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 26 Cal.Rptr.2d 834, 865 P.2d 633, 655 (1994); *cf. Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 114 (3d Cir. 1987). As the District Court noted, individuals applying to become officers with the LAPD are required to provide detailed financial information, including a credit report, monthly income and expenses, current assets and liabilities, and bank accounts. As a result, employment with the LAPD is itself conditioned on an individual's disclosure of detailed financial information, information that is very similar to that required by the Special Order.

Even if it could show a reasonable expectation of privacy, there are legitimate competing interests that justify the invasion. *Hill*, 26 Cal.Rptr.2d 834, 865 P.2d at 655–56. First, financial disclosures are required under Paragraph 132 of the Consent Decree. Second, even in the absence of the Consent Decree, the City clearly has a substantial interest in preventing financial corruption, conflicts of interest, and in enhancing the public's confidence in the LAPD. *See, e.g., Kaplan v. Bd. of Educ. of the City School Dist. of N.Y.*, 759 F.2d 256, 261 (2d Cir.1985); *Barry v. City of New York*, 712 F.2d 1554, 1560 (2d Cir. 1983).

The District Court properly applied *Hill*, considered the allegedly less intrusive means, and justified its rejection of the alternatives. Because the "scope of our review is generally limited to whether the district court employed the proper preliminary injunction standard and whether the court correctly apprehended the underlying legal issues in the case," the District Court did not abuse its discretion. *See Earth Island Inst.*, 351 F.3d at 1298.

#### 2. California Government Code § 3308 Claim

Similarly, the League cannot show a likelihood of success on the merits of its California Government Code § 3308 claim because the Special Order comes within the purview of the statutory exceptions. First, because the City and League were parties to the Consent Decree, and because the Consent Decree is a federal court order, the Consent Decree, and by extension, the Special Order, are "proper legal procedure[s]." Cal. Gov't Code § 3308. Second, because disclosure of financial information will assist the City in determining the impartiality of officers assigned to sensitive departments, the disclosures will help reveal "conflict[s] of interest with respect to the performance of ... official duties." *Id.* Third, because the officers subject to Paragraph 132 and the Special Order are "handl[ing] valuable contraband or cash, the disclosures are necessary for the employing agency to ascertain the desirability of assigning the public safety officer to a specialized unit in which there is a strong possibility that bribes or other important inducements may be offered." *Id.*

#### 3. Irreparable Harm

The League cannot show a "possibility of irreparable injury or that serious ques-

tions are raised and the balance of hardships tips sharply in ... [its] favor." *E. & J. Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 990 (9th Cir.2006).

First, as the District Court found, the Special Order only impacts a small number of police officers who apply for positions within the affected units. Second, officers applying to these assignments have probably already disclosed this type of information. Finally, the District Court did not abuse its discretion in determining that any possible risk of disclosure and disincentive to apply to the specialized programs is outweighed by the City's interest in deterring corruption. At the very least, the District Court properly considered the arguments and applied the law. *See Earth Island Inst.,* 351 F.3d at 1298.

**AFFIRMED.**