NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT ERIK STAFNE, Counsel for
Plaintiff,

          Plaintiff - Appellant,

  v.

QUALITY LOAN SERVICE
CORPORATION, of Washington;
MCCARTHY & HOLTHUS, LLP;
WARREN LANCE; FIRST HORIZON
LOAN CORPORATION; SELECT
PORTFOLIO SERVICING, INC.; STATE
OF WASHINGTON,

          Defendants - Appellees.

No. 23-3509

D.C. No.
2:23-cv-00223-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 13, 2025[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Scott Erik Stafne, the attorney in the underlying merits case, appeals from an order imposing sanctions under Federal Rule of Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291 and review for abuse of discretion the district court's imposition of sanctions. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Because the parties are familiar with the facts, we need not recount them here. We affirm.

Stafne's primary argument is that District Judge Lasnik did not have proper authority to issue the sanctions order, or any other order, because he is a senior judge. Stafne has been making—and losing—this argument since at least 2018.[1] As we concluded in one such prior case, Stafne's "argument that the senior district judge who heard his case was a retired judge merely acting as an Article III judge in this case, is without merit. Senior judges 'are, of course, life-tenured Article III judges.'" *Bank of New York Mellon v. Stafne*, 824 F. App'x 536 (9th Cir. 2020) (citing *Nguyen v. United States*, 539 U.S. 69, 72 (2003) (cleaned up)).

Stafne also argues that the district judge should not have decided any merits

---

[1] *See Bergeron v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. 2006-1*, No. C24-0929JLR, 2024 WL 3566130 (W.D. Wash. July 29, 2024); *Stafne v. Burnside*, No. 22-35547, 2024 WL 2318169 (9th Cir. May 22, 2024); *de Botton v. Quality Loan Serv. Corp. of Wash.*, No. 23-0223RSL, 2023 WL 8472422 (W.D. Wash. Dec. 7, 2023); *Hoang v. Bank of Am., N.A.*, No. C17-0874JLR, 2021 WL 615299 (W.D. Wash. Feb. 17, 2021); *Bank of New York Mellon v. Stafne*, 824 F. App'x 536 (9th Cir. 2020); *Stafne v. Zilly*, 337 F.Supp.3d 1079 (W.D. Wash. 2018), *aff'd*, 820 F. App'x 594 (9th Cir. 2020).

motions while Stafne had a pending appeal: a challenge to the denial of Stafne's motion to remand, again based on Judge Lasnik's alleged lack of authority as a senior judge. While an appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control[,]" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), we have explained "that the denial of a motion to remand is not a final order appealable under 28 U.S.C. § 1291." *Est. of Bishop By & Through Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1274 (9th Cir. 1990); *see also United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978) (denial of a motion to disqualify the trial judge is neither final nor appealable). Stafne's appeal was "dismissed for lack of jurisdiction" because there was no final order; jurisdiction was never transferred to us from the district court. Stafne never moved for a stay while his appeal was pending and instead failed to oppose several motions for summary judgment or timely oppose the motion for sanctions.

Additionally, Stafne's appeal was based on the same theory that senior judges lack authority, which Stafne knew was frivolous having previously lost on this issue multiple times—and being warned by the court. *See e.g. Bergeron v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan Tr. 2006-1*, No. C24-0929JLR, 2024 WL 3566130, at *2 (W.D. Wash. July 29, 2024) ("the court concludes the motion is frivolous. Stafne merely repeats arguments and

3                                                                    23-3509

authorities that this court and others have rejected numerous times under binding precedent that firmly upholds the constitutionality of senior status.").

Finally, to the extent Stafne repeats his argument that the district judge did not have authority to issue sanctions because Stafne had sought his recusal, the district court determined there was no conflict of interest.[2] Denial of the disqualification itself is neither final nor appealable. *Washington*, 573 F.2d at 1122.

The district court did not abuse its discretion in imposing sanctions. We warn Stafne once again that his argument with respect to senior judges is foreclosed by circuit precedent and that continuing to advance this frivolous argument will result in future sanctions.

**AFFIRMED.**

---

[2] The district court found there was no evidence Judge Lasnik's retirement fund had invested in mortgage-backed securities and regardless, the judge did not participate in the management of the fund. 28 U.S.C. § 455(d)(4)(i) ("Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund").